STATE ex rel. BUCK, et al, Plaintiffs, v. WHORTON, et al, Defendants.

(204 N. W. 169.)

(File No. 5943.   Opinion filed June 3, 1925.)

1. **Statutes—Statutory Construction—Doctrine of Express Mention and Implied Exclusion Will not be Applied to Defeat Legislative Intention.**

     Doctrine of express mention and implied exclusion, being mere rule of statutory construction to determine legislative intent, will not be applied to defeat plain legislative purposes.

2. **Schools and School Districts—Elections—Clear Intent to Change Required Number of Votes to Authorize Bond Issue to Three-Fifths, Shown.**

     Laws 1923, c. 166, changing required number of votes to authorize bond issue of school districts to three-fifths of persons voting, in view of its title as act to amend Rev. Code 1919, Sec. 7593, applying to common school districts, and Sec. 7606, applying to independent school districts, held to evince clear intention to change required number of votes in those districts, notwithstanding no mention in amendment was made of Sec. 7604, which was apparently overlooked, and therefore amendment would not be construed to be merely repeal of Sec. 7606, so as not to affect Sec. 7604.

3. Constitutional Law—Elections—Schools and School Districts—
  Statute Requiring Three-fifths Vote for School District Bond
  Issue Not Unconstitutional.

  Laws 1923, c. 166, authorizing school district bond issue on
  not less than three-fifths majority vote, held not violative of
  Const., Art. 13, Sec. 4, authorizing such issue on majority vote;
  constitutional proviso being intended merely as a limitation
  that bonded indebtedness should not be incurred on less than
  majority vote, and not being grant of power to majority.

Mandamus, on relation of A. E. Buck and others, against
W. F. R. Whorton and others, as Board of Education of Inde-
pendent School District of Huron. Writ quashed, and proceeding
dismissed.

*Wilmarth, McCoy & McCoy,* of Huron, for Plaintiff.
*Gardner & Churchill,* of Huron, for Defendants.

(2) To point two of the opinion, Defendant cited: State
ex rel. v. Cooper, (N. D.) 120 N. W. 878; Busby v. Riley, 6 S.
D. 401; State ex rel. Long v. Roxford, 21 S. D. 86.

(3) To point three, Plaintiff cited: 12 C. J. 699; Chicago
v. Swanger, (U. S.) 54 L. ed. 970-978; McDonald v. Doust, 81
Pac. 60, 69 L. R. A. 220; People v. Chicago, 51 Ill. 17, 2 Am.
Rep. 278; Gantiorre v. Ditman, 97 N. E. 464, Ann. Cas. 1913C
960; People v. Albertson, 55 N. Y. 50; Rathbun v. Wirth, 45 N.
E. 15, 34 L. R. A. 408.

SHERWOOD, J. This is an original proceeding in man-
damus to compel the board of education to issue the bonds of the
independent school district of the city of Huron, in the sum of
$65,000. It involves the construction and effect of chapter 166
of the Session Laws of 1923. The real question presented is:
Does this chapter amend the laws relating to issuing bonds in
independent school districts so that it now requires the affirmative
vote of three fifths of all persons voting at said election to auth-
orize the issue of bonds?

It is the contention of petitioner:

(1) That because the title to chapter 166, supra, says it is
an act to amend sections 7593 and 7606, R. C. 1919, therefore the
act is restricted in its application to these two sections only; and
by specifying said two sections in the title of the act the Legis-

lature plainly expressed its intent not to amend any other section or sections of our Code.

(2) That there are two sections in the law relating to issuing bonds in independent school districts, namely, sections 7604 and 7606. That section 7604 is still in full force and unamended; and is complete in itself without section 7606. That the real effect of chapter 166, supra, was to repeal section 7606 and leave section 7604 as it was originally, and in full force and effect. That rightly interpreted and construed, chapter 166, supra, applies only to common school districts, and therefore if a majority of the votes cast at a bond election in an independent school district was for bonds, it was the duty of the board of education of such independent district to issue the bonds.

Section 7604, which petitioner claims is in force and unamended, reads as follows:

"Notice of election for the purpose of taking the sense of the school corporation upon the question of issuing bonds shall be given by the board of education, signed by the president and clerk of such board, by publishing the same four successive weeks next prior to the date of holding such election, in a newspaper printed and published in such school district, and if no newspaper is printed and published therein, notice shall be given by posting copies of the same in three of the most public places within such school district at least thirty days prior to such election; such notice shall state the time and place of such election, the amount of bonds asked for and the purpose or purposes for which they are to be issued, the maximum rate of interest they are to draw and when they are to become due, and such election shall be conducted the same as other school elections in such school district. If a majority of the votes cast on any one of the propositions submitted at such election shall be in favor of such proposition, the bonds authorized thereby shall be issued, and any person qualified to vote at a school election in such district shall be qualified to vote on the question of issuing bonds."

Both sides agree that a bond election was held in the independent school district in the city of Huron on April 21, 1923, at which election 1,514 votes were cast in favor of issuing bonds and 1,230 votes were cast against issuing bonds, and that it required 1,647 votes to make three-fifths of the votes cast.

It will be seen that a majority of the votes cast were for is-
suing bonds, but three-fifths of those voting were not in favor of
issuing bonds. The school board declared the election to be against
the bonds; thereupon this proceeding was brought.

It will be observed that section 7593, R. C. 1919, relates ex-
clusively to common school districts, and provides the number of
votes necessary to issue bonds in common school districts. It will
be further observed that section 7606 relates to the canvass of
votes in independent school districts and provided, before the
adoption of chapter 166, supra, for a majority vote, and now pro-
vides for a three-fifths vote on which to perfect the bond issue
record.

[1]   Referring to petitioner's contention No. 1, we think the
true doctrine of express mention and implied exclusion was stated
by the Supreme Court of Wisconsin in which they said:

"It is a mere rule of statutory construction, to be applied or
not in determining the legislative intent according to circumstances,
not being an arbitrary rule, and having no application except to
aid in solving uncertainties, and it should never be applied to de-
feat a plain legislative purpose."   State v. Milwaukee Light, Heat
& Traction Co., 166 Wis. 178, 164 N. W. 837.

[2]   In this case the presumption arising under that rule is
entirely overcome by the fact that the Legislature amended, by
number, one section in the law relating exclusively to bonding
common school districts and also amended, by number, another
section in the law relating exclusively to bonding independent
school districts, and in each of these sections they changed the
number necessary to vote bonds from a majority to three-fifths,
plainly indicating an intent to amend the law issuing bonds in
both common school and independent school districts.

Referring to petitioner's contention No. 2, it should be ob-
served that section 7606, supra, is entitled "Board Canvass Votes,"
while section 7604, supra, is entitled "Notice of Election."

An examination of our Code shows that section 7604 was
taken from chapter 178 of the Laws of 1915, and with some
changes of no importance here is practically identical with that
section down to the last sentence, which reads as follows:

"If a majority of the votes cast on any one of the proposi-
tions submitted at such election shall be in favor of such proposi-

tion, the bonds authorized thereby shall be issued, and any person qualified to vote at a school election in such districts shall be qualified to vote on the question of issuing bonds."

It is clear that this last sentence was not germane to the title, "Notice of Election." No one would expect to find a provision with regard to the number of voters necessary to carry bonds under that title, and there was nothing in the title to the section to indicate it referred in any way to the number of votes necessary to issue bonds.

It is clear that this misleading title to section 7604 and the insertion of the provision therein of the number of persons necessary to carry the bonds, a subject not germane to the title at all, caused the Legislature to overlook section 7604 and consider section 7606 as the only one relating to the majority necessary to carry the bonds. It is also clear that, by amending section 7606 in the same manner they amended section 7593 by requiring a three-fifths vote in either case, that the Legislature intended to require that no bonds be issued either in common school districts or independent school districts unless three-fifths of all those who voted on such bonds should vote for their issue.

It is admitted by both sides that the rule to be applied in determining the effect of chapter 166, supra, is to find what the intent of the Legislature was when they passed this act. We hold it is clear that the Legislature intended that the act should apply to independent school districts the same as to common school districts; that the Legislature intended to so amend the law that no bonds should be issued either in common school of independent school districts except and unless three-fifths of all persons voting on the issue of bonds voted in favor of issuing such bonds.

[3] Petitioner also contends that chapter 166 of the Session Laws of 1923 violates section 4 of article 3 of our Constitution; in particular, that it violates that part of the proviso of said section 4 which reads as follows:

"No such debt shall ever be incurred for any of the purposes in this section provided, unless authorized by a vote in favor thereof by a majority of the electors of such county, municipal corporation, civil township, district or subdivision incurring the same."

It is petitioner's contention that this clause in the Constitution confers on the majority of the electors in a district a right "in the nature of a vested right to the incurrence of such indebtedness upon a majority vote in favor thereof."

With this contention we cannot agree. Reading this proviso in connection with the entire section, it is clear to us that the proviso was intended as a limitation and not a grant of power to a majority. It clearly provides that no bonded indebtedness shall ever be incurred on less than a majority vote, but it does not provide that bonded indebtedness may be incurred on the vote of a mere majority.

Being a limitation and not a grant of power, it follows that chapter 166 of the Session Laws of 1923 is not in violation of such constitutional provision.

What has been said disposes of the entire case, and it is not necessary to consider any other points raised.

The alternative writ of mandamus will be quashed, and the proceeding dismissed.