REHUREK, Appellant, v. RAPID CITY, et al, Respondents.

(275 N. W. 859.)

(File No. 8130. Opinion filed November 10, 1937)

*Bangs & Rudesill,* of Rapid City, for Appellant.

*Boyd Leedom,* City. Atty., and *George Philip* and *Richard B. Denu,* all of Rapid City, for Respondents.

PER CURIAM. This action was brought by appellant to restrain and enjoin the governing body and officers of Rapid City, a municipal corporation, from issuing its bonds for the purpose of acquiring, establishing, constructing, improving, and equipping a municipal airport. A single question is involved; namely, May our municipal corporations issue their bonds for the purpose of improving and equipping a municipal airport? Appellant contends that application of the rule of express mention and implied exclusion reveals a legislative intent to deny the power to issue such bonds to "equip" and "improve" an airport because section 4 of chapter 71 of the Session Laws of 1929 expressly authorizes the issuance of bonds for the purpose of "paying the purchase price" of real property to be used as an airport. The decision of the trial court was adverse to the contention of appellant.

In concluding that appellant's contention is untenable, we are influenced by several considerations: First, the rule of express mention and implied exclusion should never be applied to defeat a plain legislative purpose. Buck et al. v. Whorton, 48 S. D. 332, 204 N. W. 169. Second, when chapter 71 of the Session Laws of 1929, including its title, is considered in the light of section 6413 of the Revised Code of 1919, as amended by Laws 1923, c. 228, it reveals a plain legislative purpose to grant power to municipal corporations to issue their bonds to improve, equip, and maintain airports, as well as to purchase sites therefor. Third, section 4 of the act upon which appellant bases his contention was obviously limited in scope to the purchase of sites for airports, and was used by the Legislature for the sole purpose of setting up separate and distinct methods of procedure to be followed by municipal corporations and counties, respectively. Fourth, it is implicitly assumed by the title and subject-matter of chapter 86 of the Session Laws of 1931 (dealing with the establishment and maintenance of airports by border line cities in adjoining states) that municipal corporations then had power to issue their bonds for the purpose of acquiring land and equipping and maintaining airports within the state. Our conclusion is thus strengthened by legislative construction.

The judgment of the trial court is affirmed.

All the Judges concur.