McARDLE, Appellant, v. ROBERTSON, Respondent

(19 N. W.2d 576.)

(File No. 8724.   Opinion filed July 27, 1945.)

Rehearing Denied August 13, 1945.

**C. R. Jorgenson,** of Watertown, for Appellant.

**M. C. Lasell,** of Aberdeen, and **G. G. Lasell,** of Sisseton, for Respondent.

SICKEL, J. This is an action to quiet title to real property in the City of Sisseton. Plaintiff is the owner of the property, and defendant is the holder of tax certificates thereon. The trial court found that on June 28, 1943, defendant advised the county treasurer's office that he desired to buy the tax sale certificates held by the county against the property. The deputy county treasurer erroneously assumed that the defendant was the owner of the lots and that all penalty and interest had been abated by the provisions of Ch. 306, S. L. 1943, and advised defendant that the amount due was $486.01, which sum was the principal of the taxes only. Defendant delivered his check to the treasurer's office for that amount and on June 29 was given tax receipts instead of an assignment of the tax sale certificates. Upon the discovery of these errors, and before the payment was entered in the treasurer's daily balance, the payment was refunded to defendant and the tax receipts were surrendered and canceled. These findings are amply supported by the evidence.

On July 13 defendant paid the treasurer $642.89, the amount of all taxes due, including penalty and interest, and received an assignment of the certificates of tax sale with receipts for all subsequent taxes.

On August 14, 1943, plaintiff tendered to the county treasurer $482.02 for redemption from the tax sale. The treasurer refused the tender for the reason that the amount tendered was not sufficient to include principal, interest and estimated costs of tax deed proceedings which amounted in all to $688.39. Plaintiff then brought this action to determine the validity of the assignment of the tax certificates to defendant, and in case it should be found that such assignment was valid, to determine her right to redeem under the provisions of Ch. 306, S. L. 1943. The circuit court decided that the defendant was the owner of the tax certificates, and that the amount due thereon at the time of the assignment, including subsequent taxes and interest was $642.89 besides the actual costs of tax deed proceedings amounting to $16.09. The circuit court further decided that the county treasurer had lawful authority to assign and deliver the tax sale certificates and receipts for subsequent taxes to the defendant, and entered judgment quieting title in the plaintiff subject to the tax lien. From this judgment, the plaintiff has appealed.

Appellant claims that the transactions of June 28 and 29 amounted to a voluntary payment of taxes by respondent, and that such payment discharged the tax lien on the property.

■ A tax payment is not voluntary when made under mistake of fact. Such mistake may consist of some official action by the tax collecting officer, on the correctness of which the taxpayer has a right to rely. Wheeler v. Board of Commissioners of Hennepin County, 87 Minn. 243, 91 N. W. 890; Dolman v. Pitt, 109 Mo. App. 133, 82 S. W. 1111; 61 C. J., Taxation, § 1270. When such a mistake of facts has been made the taxes may be recovered.

An exception to this rule is SDC 57.0901 under which any payment of taxes is voluntary and cannot be recovered if the question goes to the merits of the tax, unless the payment is made under protest and an action for recovery is commenced within thirty days after such payment. Miner v. Clifton Tp., 30 S. D. 127, 137 N. W. 585.

■ In this case the county treasurer accepted respondent's check and issued the tax receipts without the pay-

ment of penalty and interest in accordance with the provisions of Ch. 306, S. L. 1943, on the assumption that respondent was the owner of the property and was entitled to an abatement of penalty and interest, whereas an assignment of the certificates of tax sale was demanded, and respondent was not the owner of the property. These were mistakes of fact by the tax collecting officer in an official action on the correctness of which the respondent had a right to rely. The tax was wrongfully collected for reasons not going to the merits of the tax. Therefore, respondent had the right to recover the payment.

■ This payment had not been entered in the treasurer's cash balance when the error was discovered. He therefore had the right to make the correction by recalling the tax receipts, canceling them, and refunding the payment to respondent, then assigning the tax sale certificates to respondent as requested in the first place, on payment of the correct amount. Dolman v. Pitts, supra.

■■ Appellant also claims that she had the right to redeem from the tax sale under Ch. 306, S. L. 1943, by paying the principal of the tax only, notwithstanding the assignment of the certificates of tax sale to respondent. Section 5 of that Act provides that none of the provisions of the Act apply "to delinquent taxes evidenced by tax sale certificates and taxes paid subsequent thereto when held by persons other than the county." Under this provision of the Act the assignment of the certificates of tax sale to respondent deprived appellant of the abatement privilege, but that privilege was one which the legislature had a right to grant, limit, or take away on its own terms. It is also noteworthy that the taxing districts, not the respondent, benefited by the assignment of the certificates of tax sale.

■ Appellant also contends that respondent made false and fraudulent representations of fact to appellant to induce her to convey the property to him for much less than its actual value. This claim is amply supported by the evidence, but as found by the circuit court, appellant did not convey the property to respondent and consequently was not injured by the attempted fraud. Those representations

had no relation to, and in no way affected, the validity of the assignment of the tax sale certificates by the county treasurer to respondent.

We find no error in the decision of the circuit court and therefore the judgment is affirmed.

SMITH, P.J., and ROBERTS and RUDOLPH, JJ., concur.

POLLEY, J., not sitting.