John R. WALKER, Grievant
and Appellant,

v.

STATE of South Dakota, DEPARTMENT
OF TRANSPORTATION, DIVISION OF
HIGHWAYS, Employer and Cross-Ap-
pellant.

Nos. 12058, 12061.

Supreme Court of South Dakota.

Argued Sept. 16, 1977.

Decided Nov. 9, 1977.

Rehearing Denied Dec. 15, 1977.

Ronald D. Olinger of Duncan, Olinger &
Srstka, Pierre, for grievant and appellant.

Camron D. Hoseck, Asst. Atty. Gen.,
Pierre, for employer and cross-appellant;
William J. Janklow, Atty. Gen., Carl W.
Quist, Asst. Atty. Gen., Pierre, on the brief.

PORTER, Justice.

CASE SUMMARY

This is an appeal from the circuit court's
affirmance of a decision by the South Dako-
ta Personnel Policy Board directing the
South Dakota Department of Transporta-
tion, Division of Highways (employer) to
post a job vacancy to enable the grievant
(Walker) to bid for the vacant position. We
hold that the circuit court had no jurisdic-
tion to hear this case because the employer
failed to exhaust its administrative reme-
dies.

FACTS

This case arises out of a labor grievance
brought by Walker against his employer.
Walker is a member of the union which is
duly certified for collective bargaining pur-
poses. At the time of the alleged grievance
the conditions of employment were gov-
erned by an agreement between the union
and the employer. This agreement, in part,
provided that permanent job vacancies
must be posted for five working days to
permit employees (such as Walker) to bid
for the positions.

Grievant Walker was classified as an
Equipment Service Worker II, and worked
at the Pierre Maintenance Shop of the Divi-
sion of Highways. On December 31, 1974,
Walker filed a grievance alleging: (1) that
a position which had been held by a retiring
employee had been vacated; (2) that the
position was filled by the transfer of an
employee, who was also an Equipment Ser-
vice Worker II; and (3) that his, Walker's,
seniority had been bypassed. He contended
that the position should have been posted to
give him an opportunity to bid for the job.

The grievance proceeded through internal grievance steps and was heard before the personnel policy board on March 20, 1975. The personnel policy board found that a job vacancy existed, and that vacancy was not eliminated, but rather was filled by the employer improperly. The board ordered the employer to post the vacancy to allow competitive bidding by interested employees. The employer appealed to the circuit court, which denied Walker's motion to dismiss for lack of jurisdiction, and affirmed the decision of the personnel policy board. On this appeal the issue of the jurisdiction of the circuit court is dispositive.

## ISSUE

At the circuit court level Walker moved to dismiss the appeal on the ground that the employer failed to exhaust its administrative remedies. At the time the appeal to the circuit court was made SDCL 3–6A–38 provided as follows:

> If a grievance remains unresolved after exhaustion of a departmental grievance procedure an employee may demand a hearing before the personnel policy board as provided for contested cases in chapter 1–26 and proceedings shall be held as provided therein. Decisions of the personnel policy board may be appealed to the department of manpower affairs. Any final action or decision shall be subject to appeal pursuant to chapters 1–26 and 21–33.

The employer argues that the appeal to the department of manpower affairs as provided in this statute is permissive, and not a step which must be taken prior to an appeal to the circuit court. We disagree with this contention, and conclude that the appeal to the department of manpower affairs is a remedy which must be exhausted prior to an appeal to the circuit court. In *Gottschalk v. Hegg*, S.D., 228 N.W.2d 640 (1975), this court examined the doctrine of exhaustion of remedies and stated:

> Where the legislature has created an administrative body empowered to deal with issues within its expertise, it is apparent that the courts must seek to har-

monize their relations with these agencies. The exhaustion principle is the very cornerstone of that harmony.

The employer in this case argues that because the statute says that decisions of the personnel policy board *may* be appealed to the department of manpower affairs, such appeal is permissive. Although we agree that the statute is permissive in the sense that it allows an appellant to decide whether to appeal to the department of manpower affairs or not, we cannot agree that it allows an appellant to choose between an appeal to the department of manpower affairs and the circuit court.

We are aware that SDCL 3–6A–38 has been amended since the grievance proceedings in question occurred. The last two sentences of the original version have been amended to read, "Decisions of the personnel policy board are final. Any final action or decision shall be subject to appeal pursuant to chapter 1–26." The employer contends that this amendment supports its theory that the legislature did view the appeal to the department of manpower affairs as an unnecessary step because it was subsequently eliminated. It can also be said, however, that since the amended version eliminates the appeal to the department of manpower affairs and specifically states that the decisions of the personnel policy board are final, originally the legislature did not view the decisions of the personnel policy board as final and appealable because there was an additional administrative step to be taken before judicial review; if the legislature intended that personnel policy board decisions be final it could have said so, rather than make specific provision for an additional administrative remedy. *See State v. Dailey*, 57 S.D. 554, 565, 234 N.W.2d 45, 50 (1931). We recognize that our interpretation of SDCL 3–6A–38 as it existed when these grievance proceedings took place will not serve as precedent for interpretation of that statute as it stands today. Simply because the legislature has chosen to abolish the additional administrative appeal to the department of manpower affairs for similar cases today, we are not

persuaded that its intent was to make that step discretionary prior to the statutory amendment.

The classic example of failure to exhaust an administrative remedy is the failure to appeal from an administrative decision to a higher tribunal within the administrative system. "The doctrine of exhaustion of administrative remedies holds an important position in our scheme of laws, allowing the agency an opportunity to exercise its discretion, apply its expertise, or, * * * make a factual record upon which to base subsequent judicial review." *Delzer Construction Co. v. United States,* 487 F.2d 908, 909 (8th Cir. 1973), as quoted in *Gottschalk,* supra. As this court noted in *Mordhorst v. Egert,* S.D., 223 N.W.2d 501, 504 (1975), Professor Davis suggests that the applicability of the exhaustion doctrine be determined by weighing certain factors:

The key factors are three: extent of injury from pursuit of administrative remedy, degree of apparent clarity or doubt about administrative jurisdiction, and involvement of specialized administrative understanding in the question of jurisdiction. Unfortunately, each of these three key factors is a variable, and each often calls for a considerable amount of judgment for its proper appraisal. Davis, Administrative Law Treatise, § 20.03 (footnotes omitted).

When the facts of the instant case are measured against this test we see no reason why the employer should not be required to exhaust the statutorily prescribed administrative remedies. Here there was no allegation of injury from pursuit of the administrative remedy, and there was no doubt that the department of manpower affairs had jurisdiction to hear an appeal. The administrative body undoubtedly has expertise in this area of the law, which is a major reason for the exhaustion doctrine in the first place.

### DECISION

It is our conclusion that the circuit court was without jurisdiction to hear this case because the employer failed to exhaust its administrative remedies. Thus Walker's motion to dismiss should have been granted. We therefore remand this cause so that an order may be entered by the circuit court dismissing employer's appeal.

All the Justices concur.