Gene CARR, Appellant,

v.

**SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, Appellee.**

No. 14332.

Supreme Court of South Dakota.

Considered on Briefs March 19, 1984.

Decided Sept. 12, 1984.

Gene Carr, pro se.

Drew Johnson, Sp. Asst. Atty. Gen., South Dakota Dept. of Labor, Unemployment Ins. Div., Aberdeen, for appellee.

MORGAN, Justice.

This appeal is from a trial court decision to affirm the South Dakota Labor Department's determination that an employer-employee relationship existed between appel-

lant Eugene Carr (Carr), a practicing chiropractor, and the people working in his clinic. The Labor Department's initial decision subjected Carr to liability for unemployment insurance payments. We affirm.

Carr has been a practicing chiropractor for over twenty-one years. His workload requires him to hire people for general office work, i.e., typing, receptionist, preparation of patients and facilitation of therapy. Initially, Carr submitted the requisite wage reports and fulfilled his obligation to the Unemployment Insurance Division, Department of Labor (Department). In 1978, Carr first challenged the Department's right to impose the unemployment insurance tax on him. He stopped submitting reports and records. In a series of proceedings, Carr's liability for the unemployment insurance tax for the years 1978 and 1979 was determined. That determination is not before us because Carr failed to exhaust his administrative remedies and to file timely notice of appeal on Department's imposition of the tax for 1978 and 1979.

This appeal deals with Department's determination of Carr's liability for unemployment insurance tax for 1980 and the first two quarters of 1981. During that period, Carr signed a Secretarial Services Agreement with each person who worked for him. These people paid $1.00 per week to a corporation set up by Carr and his wife as a rental fee for the use of typewriters and other office equipment. The agreement provided for an hourly wage, paid weekly, generally for thirty-five to thirty-eight hours per week. Carr claimed that he and the people working in his clinic entered an independent contractual relationship, rather than an employer-employee relationship. Carr asserts that the mutual intent of the contracting parties is the sole

and sufficient determinant of the parties' status. Further facts and procedural history will be discussed in depth as pertinent to disposition of the issues.

We first examine Carr's claim that SDCL 61–1–11 [1] improperly placed the burden of proof on Carr to establish that an independent contractual relationship existed. He asserts that he is thus placed in the position of being guilty until proven innocent.

█ It is a well-established principle of the common law incorporated into the statutory provisions of many states (SDCL 23A–25–3.1, effective July 1, 1984) that a person accused of crimes is presumed to be innocent until proven guilty. 29 Am.Jur.2d *Evidence* § 225 (1967). "[This] presumption applies not only in criminal cases, but also in civil cases where the commission of a crime comes collaterally in question." *Id.* at § 224. Carr cites us to no authority that applies this presumption to the Administrative Procedures Act (APA) nor are we aware of any. Carr is not accused of commission of a crime, either directly or collaterally. In *Weber v. South Dakota Dept. of Labor, Etc.*, 323 N.W.2d 117 (S.D.1982), we recently upheld the ABC test of SDCL 61–1–11. We decline to apply the common law presumption to the APA, no form of which ever existed under the common law. Carr's argument is without merit.

█ Department was stymied in the conduct of its investigation by Carr's refusal to produce or testify as to his employment or payroll records. Department secured a court order pursuant to SDCL 61–3–10 directing Carr to produce his payroll records. A hearing was held on Carr's motion to quash the order and the trial court denied Carr's motion and directed him to produce the records under the threat of contempt

---

1. SDCL 61–1–11 provides:

Services performed by an individual for wages shall be deemed to be employment subject to this title unless and until it is shown to the satisfaction of the department that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

proceedings. This court dismissed Carr's attempt to appeal that order. The trial court entered another order, reimposing it's original order and Carr complied. Carr now complains that the trial court's order to produce his records violated his Fourth Amendment rights against search and seizure, and his Fifth Amendment right against self-incrimination. Carr's attempt to assert these constitutional rights in this situation fails.

In *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), Mr. Justice Hughes, after noting that public officials are not protected from producing public records by constitutional privilege against self-incrimination, stated:

> The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation .... There the privilege, which exists as to private papers, cannot be maintained.

221 U.S. at 380, 31 S.Ct. at 544, 55 L.Ed. at 779. Carr was required, under SDCL 61–3–2, to keep and preserve the records sought and eventually produced. SDCL 61–3–2 also states that the type of records involved here "shall be open to inspection ... by the secretary [of Labor] or his authorized representatives ...." They were not protected by Carr's Fifth Amendment rights against self-incrimination. As regards his Fourth Amendment rights against reasonable search and seizure, there simply was no search or seizure.

■ Carr also complains that he was denied due process in the initial agency proceedings when the appeal referee acted as both judge and the Department's investigator. This issue was not raised at any time below, either by objection at the hearings or on the appeal in circuit court. "Issues not presented at the trial court level are not properly before this Court." *Weber*

323 N.W.2d at 120. Furthermore, the record does not support his allegations. Department was represented by an assistant attorney general. There is no evidence that the appeal referee acted in any capacity as Department's representative at that hearing.

Carr's greatest complaint apparently centers around the trial court's denial of his request for a jury trial on the question of whether his relationship to Spear and Hecock was contractual or an employment relationship. Carr relies on Article VI, section 6 of the South Dakota Constitution which provides, in pertinent part: "The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy ...." [2] Carr also cites to SDCL 15–6–38(a) which provides: "The right of trial by jury as declared by article VI, section 6 of the Constitution of South Dakota or as given by a statute of South Dakota shall be preserved to the parties inviolate."

■ It is Carr's contention that the APA provision for appeal to circuit court, SDCL 1–26–35 and –36, deprives him of a jury trial, in violation of the constitutional provision and the statute cited above. In *Shaw v. Shaw*, 28 S.D. 221, 226, 133 N.W. 292, 293 (1911), this court said:

> [T]he constitutional provision ... "that trial by jury shall remain inviolate" ... applies to law cases triable by jury as a matter of right as theretofore existed in the territory of Dakota prior to the going into effect of the Constitution of this state. The "law cases" comprehended within this clause of our Constitution applied to all those cases which at common law or by the statute of the territory of Dakota were triable by a jury on the law side of the court.

*Shaw* involved an appeal in probate proceedings. The opinion pointed out that a will contest is a special proceeding, not a case at law. South Dakota's unemploy-

---

**2.** Carr also cites Article VI, section 5; however, that section is inappropriate since it deals specifically with libel suits.

ment insurance laws were statutorily created in 1936 and did not exist at common law. The relevant statutes within SDCL ch. 61–7 govern the procedure for implementing the unemployment insurance laws in contested cases. The procedure outlined therein does not provide for a jury trial. The process for appealing administrative decisions is found in SDCL ch. 1–26, South Dakota Administrative Procedures Act. SDCL 1–26–30.2 provides a right to appeal beyond the Department to the circuit court and SDCL 1–26–37 allows for an appeal to the South Dakota Supreme Court from the circuit court review. There is no statutory or administrative procedure provision for the right to a jury trial in the administrative process. The APA, SDCL ch. 1–26, provides the only stated right to judicial review of a Department decision and this remedy is legislative and not constitutional. "In the administrative process, decisions are made through methods, for reasons, and by persons, different from those in the judicial process." 1 Am.Jur.2d *Administrative Law* § 16 (1962). We hold that, as in the case of probate appeals, administrative appeals under the APA are special proceedings, not a case at law protected by the constitutional guarantee.

In Carr's notice of appeal, from the agency decision to the circuit court, he included a "counterclaim" alleging that departmental representatives had violated his rights, thus he prayed for damages in excess of three million dollars. The Attorney General's Office filed a motion to dismiss the counterclaim. After a hearing on the motion to dismiss, the trial court entered a judgment for dismissal. Carr's final complaint is that the trial court violated his constitutional rights by dismissing his counterclaim. We hold that the trial court was correct. SDCL 1–26–30 sets forth an exclusive judicial avenue for circuit court review of administrative decisions. The circuit court is statutorily cloaked with appellate jurisdiction which permits nothing more than a review of agency decisions. The lower court lacks jurisdiction to review matters outside the confines of the administrative action appealed from. As the trial

judge noted, Carr's counterclaim is a separate and distinct civil action and thus is controlled by rules of civil procedure set out in SDCL ch. 15–6. A dismissal of the counterclaim did not factually decide that case and Carr is not precluded from pursuing that action.

We affirm the trial court's affirmation of Department's decision.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.