1998 SD 130

**In the Matter of the Grievance of Gregory WENDELL, Appellee,**

v.

**SOUTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellant.**

No. 20550.

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1998.

Decided Dec. 30, 1998.

Jamie L. Damon Pierre, South Dakota Attorney for appellee.

Mark Barnett, Attorney General, William J. Nevin, Assistant Attorney General, Pierre, South Dakota, for appellant.

KONENKAMP, Justice.

[¶ 1.] Can a Department of Transportation employee be dismissed for a conviction on a misdemeanor unrelated to the job? Based on the language of the applicable regulation, we conclude the employee was wrongly discharged. We affirm the circuit court's judgment of reinstatement.

**Facts**

[¶ 2.] The South Dakota Department of Transportation (DOT) hired Gregory Wendell as a Senior Right–of–Way Specialist in July 1995. His work included reviewing property appraisals completed by other staff members, evaluating DOT projects, and negotiating with and relocating persons whose property was taken by the State for transportation purposes. On February 16, 1996, Wendell was charged by indictment with sexual contact with a child under sixteen in violation of SDCL 22–22–7, a Class 3 felony, for unlawful acts with a child in his care.[1] In April, pursuant to a plea agreement, he pleaded guilty to the reduced charge of contributing to the abuse or delinquency of a minor in violation of SDCL 26–9–1, a Class 1 misdemeanor. As part of the agreement, the grand jury transcript was used as the factual basis for his guilty plea. The court was "familiar" with the transcript and found it factually sufficient to accept the plea. The transcript, however, was never made part of this administrative appeal. The DOT brought a disciplinary action against Wendell under Administrative Rule 55:01:12:05(2). After a hearing his employment was terminated. His grievance was denied and he challenged the denial before the Career Service Commission.

[¶ 3.] The Commission's role in these types of appeals is limited to deciding whether the disciplinary action taken was for good cause. SDCL 3–6A–38.1; *Schroeder v. Dep't of Social Services*, 1996 SD 34, ¶ 12, 545 N.W.2d 223, 228; *Matter of Grievance of O'Neill*, 347 N.W.2d 887, 888 (S.D.1984), *appeal after remand, O'Neill v. South Dakota Bd. of Charities and Corrections*, 377 N.W.2d 587 (S.D.1985). Wendell asserted, among other things, that ARSD 55:01:12:05(2) furnished no grounds to dismiss him. The Commission decided that good cause existed to justify the DOT's action because that rule encompassed conduct not necessarily related to an individual's employment with the State.

[¶ 4.] On appeal, the circuit court reversed, holding that good cause did not exist for

---

1. SDCL 22–22–7 states in relevant part:
   Any person, sixteen years of age or older, who knowingly engages in sexual contact with an- other person, other than that person's spouse if the other person is under the age of sixteen years is guilty of a Class 3 felony. . . .

dismissal because Wendell's misdemeanor was not the type of conduct contemplated in ARSD 55:01:12:05(2). The court ordered the DOT to compensate Wendell for back wages, health insurance benefits, and vacation time, with interest. On appeal before us, the DOT raises the following issues: (1) Whether Wendell's conviction evidenced conduct within the scope of his employment so as to subject him to disciplinary action pursuant to ARSD 55:01:12:05(2); and (2) whether the circuit court erred in holding that Wendell's conviction for violation of § 26–9–1 did not establish conduct constituting "abuse of a person" for purposes of ARSD 55:01:12:05(2).

## Standard of Review

[¶ 5.] Factual questions in administrative appeals under SDCL 1–26–37 are reviewed under the clearly erroneous standard and questions of law are reviewed de novo. *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, ¶ 6, 575 N.W.2d 225, 228 (citations omitted); *Boyles v. South Dakota Div. of Criminal Investigation*, 444 N.W.2d 727, 728 (S.D. 1989). Because this case was submitted by stipulation, however, we review the entire matter de novo without deference to the findings of the circuit court or the Commission. *Muhlenkort v. Union County Land Trust*, 530 N.W.2d 658, 660 (S.D.1995), *reh'g denied*, May 23, 1995 (citing *Zacher v. Homestake Mining Co. of Cal.*, 514 N.W.2d 394, 395 (S.D.1994); *State v. Abourezk*, 359 N.W.2d 137, 142 (S.D.1984), *on reh'g*, 359 N.W.2d 137 (S.D.1984); *State Auto. Cas. Underwriters v. Ruotsalainen*, 81 S.D. 472, 136 N.W.2d 884, 888 (1965)). Whether "good cause" existed to warrant discipline is an issue fully reviewable by this Court. *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292, 296 (S.D.1982).

## Analysis and Decision

### Conduct within ARSD 55:01:12:05(2).

[¶ 6.] The DOT relied on ARSD 55:01:12:05(2) to discharge Wendell. That regulation states:

Disciplinary action may be taken for just cause as reported to the commissioner,

including the just causes listed in this section:

\* \* \* \* \* \*

(2) *The employee* has committed any act of brutality, cruelty, or abuse to an inmate, prisoner, resident, or patient of an institution, to a person in custody, *or to other persons*, provided the act committed was not necessarily or lawfully done in self-defense, to protect the lives of others, or to prevent the escape of a person lawfully in custody;....

ARSD 55:01:12:05(2) (emphasis added). The question is whether the "or to other persons" language encompasses conduct outside the scope of employment.

[¶ 7.] Under the canon of statutory construction known as *ejusdem generis*, "where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated." Black's Law Dictionary 517 (6th ed 1990); *see also Grievance of O'Neill*, 347 N.W.2d at 889 (noting that general words are interpreted as applying to the same types of things as those specified). Accordingly, we discern the meaning of "or to other persons" by examining the language surrounding and associated with the phrase. Section (2) subjects to discipline an "employee" whose conduct is abusive to inmates, prisoners, residents, patients, persons in custody, or other persons. The overall import of the rule encompasses activities occurring within the scope of employment. Wendell's acts were not perpetrated on the job or in connection with his work for the DOT.

[¶ 8.] In another context, we have found that, for employee misconduct to be the basis for denial of entitlements, the misconduct must have "some nexus with the employee's work." *Kleinsasser v. City of Rapid City*, 440 N.W.2d 734, 737 (S.D.1989)(denial of unemployment benefits for misconduct)(quoting *Matter of Kotrba*, 418 N.W.2d 313, 316 (S.D.1988)). Did Wendell's actions have a nexus to his duties as a DOT employee? To be guilty of contributing to the abuse or delinquency of a minor, an

individual's acts must fall within the ambit of § 26–9–1, which states:

> Any person who, by any act, causes, encourages or contributes to the abuse, the neglect or the delinquency of a child, or any person, other than a parent who, by any act, causes a child to become a child in need of supervision, ... or who is, in any manner, responsible therefor, is guilty of a Class 1 misdemeanor.

By virtue of his plea under this statute, Wendell either caused, encouraged or contributed to the abuse or neglect of a child. This behavior had no connection to his duties with the DOT, nor was there any apparent nexus between his job and the acts constituting his misdemeanor. We cannot give the phrase "or to other persons" meaning beyond the scope of the employment limitation manifest in the regulation. As his conduct occurred outside of his job duties, we affirm the circuit court's conclusion that Wendell did not violate ARSD 55:01:12:05(2).[2]

[¶ 9.] Affirmed.

[¶ 10.] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.

---

**2.** The circuit court also ruled that "contributing to abuse" under § 26–9–1 was not an "act of abuse" under ARSD 55:01:12:05(2). We need not reach this question, as our decision on Issue 1 disposes of this appeal. Lastly, Wendell seeks an award of attorney fees, but cites no authority for the proposition that attorney fees are awardable in this appeal. His request is therefore denied.