#25141-rev & rem-DG

**2010 SD 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

TRACFONE WIRELESS, INC.,             Appellant,

   v.

SOUTH DAKOTA DEPARTMENT OF
REVENUE AND REGULATION,             Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOHN BROWN
Judge

* * * *

CHARLES M. THOMPSON of
May, Adam, Gerdes and Thompson
Pierre, South Dakota
and
ROBERT R. GUNNING
NEIL I. POMERANTZ of
Silverstein & Pomerantz, LLP
Denver, Colorado             Attorneys for appellant.

MATTHEW R. FONDER
South Dakota Department of
Revenue and Regulations
Pierre, South Dakota             Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 24, 2009

OPINION FILED **01/20/10**

#25141

GILBERTSON, Chief Justice

[¶1.]       TracFone Wireless, Inc. (TracFone) claims it miscalculated and then

overpaid its telecommunications gross receipts tax during the period of April 2004

to March 2007.  In April 2007, TracFone sought a refund through the South Dakota

Department of Revenue and Regulation (the Department) using a refund claim form

and instructions provided by the Department.  After TracFone's refund claim was

denied by the Department, it sought an administrative appeal hearing.  The

Department opposed the hearing and argued the payment-under-protest system in

SDCL 10-27-2 was the exclusive method of obtaining a tax refund, and that the

Department was without jurisdiction to hear TracFone's administrative appeal of

the denial of TracFone's refund request filed under SDCL ch 10-59.  The Office of

the Hearing Examiner (OHE) ultimately accepted the Department's argument and

recommended the Secretary of the Department (Secretary) dismiss the appeal.  The

Secretary adopted the OHE's proposed decision in full and dismissed TracFone's

appeal for lack of subject matter jurisdiction.  TracFone appealed to the circuit

court.  After a hearing, the circuit court determined that the OHE and the

Department were without jurisdiction, and affirmed the Secretary's decision to

dismiss the appeal for lack of subject matter jurisdiction.  TracFone appeals.  We

reverse and remand.

## FACTS

[¶2.]       TracFone sells prepaid wireless telephone services to retailers and

direct consumers throughout the United States.  Its sales in South Dakota are

subject to the telecommunications gross receipts tax as provided in SDCL ch 10-

33A, which was enacted in 2003. During the period of April 2004 through March 2007, the majority of TracFone's sales in South Dakota were to retailers who in turn sold services to consumers. TracFone calculated its monthly obligation for telecommunications gross receipts tax for the period in question assuming that the four percent tax under SDCL 10-33A-4 applied equally to its direct to consumer sales and its sales to retailers for resale to consumers.[1] TracFone timely submitted to the Department the monthly amounts it calculated were due for the months of April 2004 through March 2007.

[¶3.] In April 2007, TracFone determined it had overpaid its telecommunications gross receipts tax for April 2004 through March 2007. It theorized that sales to retailers for resale to consumers did not meet the definition of "at retail" in SDCL 10-33A-3.[2] TracFone claimed, based on its interpretation of

---

1. SDCL 10-33A-4 provides:

> There is hereby imposed a tax of four percent upon the gross receipts of telecommunications services, as defined in § 10-33A-2, that originate and terminate in the same state and are billed to a customer with a place of primary use in this state or are deemed to have originated or been received in this state and to be billed or charged to a service address in this state if the customer's place of primary use is located in this state regardless of where the service actually originates or terminates. Notwithstanding any other provision of this chapter and for purposes of the tax imposed by this section, the tax imposed upon mobile telecommunication services shall be administered in accordance with 4 U.S.C. §§ 116-126 as of July 28, 2000.

2. SDCL 10-33A-3 provides in relevant part:

> The term, gross receipts, as used in this chapter, includes only revenue of a telecommunications company from the sale at retail

(continued . . .)

#25141

the language in SDCL 10-33A-3, it was only required to pay the telecommunications gross receipts tax on direct sales to consumers.

[¶4.]	TracFone's outside auditor subsequently contacted the Department to request the proper forms for filing a refund request for overpaid taxes. Using the "Self Audit Worksheets" provided by the Department and following its instructions, TracFone calculated its refund for the months of April 2004 through March 2007. It submitted its refund request on June 15, 2007.

[¶5.]	In a letter dated July 5, 2007, TracFone's refund request was denied. The Department's denial letter stated that "[i]f you wish to appeal a denial of a request for a refund, you may request a hearing under SDCL 10-59-9 as required by SDCL 10-59-18 and/or SDCL 10-59-26." The letter also noted that the applicable statute of limitations for a refund claim for overpaid taxes was three years per the provisions of SDCL 10-59-19.[3]

---

(. . . continued)

> of intrastate and interstate telecommunications services. Sale at retail does not include special access or toll-free incoming calls or the sale of any telecommunications service by a telecommunications company to another telecommunications company if the service is resold or becomes a component part of the sale by the second telecommunications company.

3.	SDCL 10-59-19 provides:

> A taxpayer seeking recovery of an allegedly overpaid tax, penalty, or interest shall file a claim for recovery with the secretary, within three years from the date the tax, penalty, or interest was paid or within three years from the date the return was due, whichever date is earlier. A claim for recovery not filed within three years of the date the tax was paid or within three years of the date the return was due, whichever date is earlier, is barred.

[¶6.]     On August 3, 2007, TracFone filed an administrative appeal of the Department's denial of its refund claim.  The Department filed a motion to dismiss the appeal contending that the provision of SDCL 10-59-9 were inapplicable to a telecommunications gross receipts tax refund request.  The Department argued in its motion that the only appeal process available to obtain a refund of telecommunications gross receipts taxes was the payment-under-protest method provided under SDCL 10-27-2.[4]  The Department further argued TracFone was required to pay its tax liability under protest and file suit in circuit court within thirty days of remitting the protested payment.  The Department argued that the OHE was, therefore, without jurisdiction to hear the appeal as originally filed by TracFone for TracFone's failure to pay under protest per the provisions of SDCL 10-27-2.

[¶7.]     On March 26, 2008, after a hearing on the matter, the OHE denied the Department's motion to dismiss.  The parties entered a stipulated factual record.  They then filed briefs addressing the substantive merits of TracFone's refund claim.

[¶8.]     On July 9, 2008, the OHE's proposed decision was issued.  In that decision, the OHE noted it had reconsidered the Department's jurisdictional claim.

---

4.     SDCL 10-27-2 provides in relevant part:

> Any person against whom any tax is levied or who may be required to pay the tax, who pays the tax prior to the tax becoming delinquent and under protest to the treasurer authorized to collect the tax, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery of the tax in any court of competent jurisdiction.

#25141

The OHE concluded that SDCL ch 10-59 did not apply to the telecommunication gross receipts tax and that the only manner in which to obtain such a refund was under SDCL 10-27-2 by paying under protest and then filing a civil suit against the Department within thirty days. After concluding that the OHE was without jurisdiction to hear TracFone's appeal, it recommended dismissal.

[¶9.]     The OHE's recommendation was adopted in full by the Secretary. The Secretary's July 15, 2008 final decision also noted TracFone had the right to appeal to circuit court pursuant to SDCL ch 1-26. TracFone's appeal to circuit court was denied in a one page order that affirmed the Secretary's findings of fact, conclusions of law, and final decision.

[¶10.]     TracFone appeals raising the following issue:

> Whether the OHE and the Secretary had jurisdiction over the administrative appeal of the Department's denial of TracFone's telecommunications gross receipts tax refund claim.

## STANDARD OF REVIEW

[¶11.]     This Court reviews the issue of whether an agency has jurisdiction to hear a matter as a question of law under the de novo standard. O'Toole v. Bd. of Trustees of SD Ret. Sys., 2002 SD 77, ¶9, 648 NW2d 342, 345. Statutory interpretation is also a question of law. Discover Bank v. Stanley, 2008 SD 111, ¶15, 757 NW2d 756, 761. As an issue of law, a matter of statutory construction is also reviewed under the de novo standard. *Id.*

## ANALYSIS AND AUTHORITIES

[¶12.]     TracFone argues that the provisions of SDCL 10-33A-12 expressly permit administrative appeals under SDCL ch 1-26 of a denial of a refund request

-5-

for an overpayment of telecommunications gross receipts taxes.[5] TracFone argues that while SDCL ch 10-33A is not specifically listed in SDCL 10-59-1 as one of the types of tax matters that may be heard as an administrative appeal by the OHE, the language in SDCL 10-33A-12 expressly authorizes such appeals. The Department argues that TracFone's refund request was limited to the payment-under-protest method contained in SDCL 10-27-2. The Department argues that without reference to SDCL ch 10-33A in SDCL 10-59-1, an administrative appeal is precluded for any matter under SDCL ch 10-33A unless the matter meets the definition of a contested case under SDCL 1-26-1(1). We conclude that SDCL 10-33A-12 expressly authorizes administrative appeals[6] under SDCL ch 1-26 of a denial of a refund request for overpayment of telecommunications gross receipts taxes.

---

5. TracFone also offers numerous arguments in the alternative that were not reached in determining our decision on appeal. We conclude the analysis herein is dispositive.

6. The dissent concludes the term "administrative appeals" to be "imprecise." *See infra* ¶25. Yet, the term has been used with consistency by this Court in addressing appeals pertaining to SDCL ch 1-26. *See, e.g.,* Yarcheski v. Reiner, 2003 SD 108, ¶17, 669 NW2d 487, 493; Wendell v. SD Dept. of Transp., 1998 SD 130, ¶5, 587 NW2d 595, 597; Jansen v. Lemmon Fed. Credit Union, 1997 SD 44, ¶6, 562 NW2d 122, 124; Oberle v. City of Aberdeen, 470 NW2d 238, 241 (SD 1991); Matter of Determination of Ordinary High Water Mark and Outlet Elevation for Beaver Lake, 466 NW2d 163, 166 (SD 1991); Beville v. Univ. of SD Bd. of Regents, 420 NW2d 9 (SD 1988); Moulton v. State, 412 NW2d 487, 494 (SD 1987); Carr v. SD Dept. of Labor, 355 NW2d 10, 13 (SD 1984); Walker v. State Dept. of Trans., 259 NW2d 303, 304 (SD 1977). The dissent concludes that the use of the term "fails to give effect to the important APA distinction between statutes *authorizing* the 'contested case proceeding' (also referred to as a 'contested case hearing') and the statutes governing the *procedure* for taking appeals[.]" Yet despite the "importance" of this distinction, the dissent fails to explain why the term "administrative appeals" is so commonly used in prior APA

(continued . . .)

[¶13.]    SDCL 10-59-1 authorizes the types of tax matters that may be heard by the OHE as an administrative appeal. It provides:

> The provisions of this chapter apply to any taxes or fees or persons subject to taxes or fees imposed by, and to any civil or criminal investigation authorized by, chapters 10-39, 10-39A, 10-39B, 10-43, 10-45, 10-45D, 10-46, 10-46A, 10-46B, 10-46C, 10-46E, 10-47B, 10-52, 10-52A, 32-3, 32-3A, 32-5, 32-5B, 32-6B, 32-9, 32-10, and 34A-13 and §§ 22-25-48, 49-31-51, 50-4-13 to 50-4-17, inclusive, and the provisions of chapter 10-45B.

SDCL 10-59-1. The telecommunication gross receipts tax, SDCL ch 10-33A, is not listed among those types of taxes that may be heard as an administrative appeal. However, SDCL 10-33A-12 provides: "Any appeal from a decision of the secretary in a contested case shall be taken in accordance with chapter 1-26."

[¶14.]    Although we must determine the meaning of a statute "from the statute as a whole, as well as enactments relating to the same subject," we also must apply the rule that "a statute relating to a particular subject will prevail over the general terms of another statute." Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611. This is in keeping with our general rule of statutory construction that "interpretation is augmented by the precept that 'terms of a statute relating to a particular subject will prevail over general terms in another statute.'" Faircloth v. Raven Industries, Inc., 2000 SD 158, ¶11, 620 NW2d 198, 202 (quoting Meyerink v. NW Pub. Serv. Co., 391 NW2d 180, 184 (SD 1996)). SDCL 10-33A-4 and SDCL 10-33A-12 are part of the same chapter and were enacted as part of the same

_____

(. . . continued)
    cases and not one case prior to today can be drawn as support for the distinction the dissent now purports to make.

Legislation.  *See* 2003 Sess. Laws ch 58, §§ 4, 12.  SDCL 10-59-1 is neither.  *See* 2006

Sess. Laws ch 58, § 13.  Furthermore,

> The general rule that the express mention of one thing in a
> statute implies the exclusion of another 'is merely an auxiliary
> rule of statutory construction, to be applied with great caution;
> it is not a rule of substantive law, or a constitutional command.
> The maxim is not of universal application, or conclusive as to
> the meaning of a statute; and it does not constitute a formula for
> construction to be arbitrarily applied.'

Argo Oil Corp. v. Lathrop, 76 SD 70, 74, 72 NW2d 431, 434 (1955) (quoting 82 CJS,

Statutes, § 333 b; Rehurek v. Rapid City, 65 SD 542, 275 NW 859 (1937)).

[¶15.]        SDCL 10-59-1 authorizes several types of tax matters that may be

heard by the OHE as an administrative appeal, but fails to list SDCL ch 10-33A.

SDCL 10-59-1 uses no language of exclusion or inclusion that serves to indicate only

those taxes specifically listed may be appealed via the administrative appeals

process contained in SDCL ch 10-59.  Therefore, SDCL 10-59-1 does not limit the

SDCL ch 1-26 administrative appeals process to just those tax matters specifically

listed.

[¶16.]        The Department next argues that, without specific reference to SDCL

ch 10-33A in SDCL 10-59-1, the only other way the denial of a telecommunications

gross receipts tax refund request can qualify for an administrative appeal under

SDCL ch 1-26 is to meet the definition of a "contested case" as provided in SDCL 1-

26-1(2):

> "Contested case," a proceeding, including rate-making and
> licensing, in which the legal rights, duties, or privileges of a
> party are required by law to be determined by an agency after
> an opportunity for hearing but the term does not include the
> proceedings relating to rule making other than rate-making,
> proceedings related to inmate disciplinary matters as defined in
> § 1-15-20, or student academic or disciplinary proceedings under

> the jurisdiction of the Board of Regents or complaints brought by students attending institutions controlled by the Board of Regents about their residency classification under §§ 13-53-23 to 13-53-41, inclusive[.]

The Department further argues that because a refund request for an overpayment of the telecommunications gross receipts tax found in SDCL ch 10-33A is not a "rate-making" or "licensing" proceeding, it is excluded from the administrative appeals process.

[¶17.]    The definition of a "contested case" in SDCL 1-26-1(2) does not limit administrative appeals only to "rate making" and "licensing" proceedings.  The language of the statute provides rate making and licensing are included within the definition, but is not limited to those two types of proceedings.  By way of example, the South Dakota Code contains several statutes that include matters other than rate making and licensing in the administrative appeals process by specific reference to SDCL ch 1-26.  *See* SDCL 12-27-29.2 (permitting administrative appeals of penalties assessed for campaign finance violations by reference to SDCL ch 1-26); SDCL 38-18-3 (permitting an administrative appeals of denial of a registration application for apiaries by reference to SDCL ch 1-26).  SDCL 12-27-29.2 provides in relevant part:

> Any administrative penalty imposed pursuant to § 12-27-29.1 shall be assessed against the violator by an administrative order of the secretary of state.  The order shall state the date and facts of each violation addressed under the penalty assessed and the citations to the provisions of each law alleged to be violated.  The order shall contain a statement that the violator may request a contested case hearing on the violation and penalty pursuant to chapter 1-26, by filing a written request with the secretary of state no later than twenty days after the receipt of the order.

Without calling an administrative penalty under SDCL ch 12-27 a "contested case," SDCL 12-27-29.2 makes it clear that the administrative appeals process in SDCL ch 1-26 is available for contesting a penalty imposed for violation of campaign finance laws. Similarly, SDCL 38-18-3, without specific reference to a denial of a registration application for apiaries as a "contested case," permits an administrative appeal for such a denial. SDCL 38-18-3 provides in relevant part: "A registration application shall be approved or rejected by the secretary in compliance with this chapter or rules promulgated pursuant to chapter 1-26. The secretary may deny applications, revoke permits, or conduct contested case hearings in accordance with rules promulgated pursuant to chapter 1-26."

[¶18.] We see nothing in SDCL 10-59-1 that precludes the defining of a particular type of fee, tax, licensure, or registration requirement as a contested case in a specific statute while not including another in that same statute. Our statutory rules of construction support this view in that the rule that "the express mention of one thing in a statute implies the exclusion of another 'is merely an auxiliary rule of statutory construction, to be applied with great caution[.]" *Argo Oil Corp.*, 76 SD at 74, 72 NW2d at 434. Therefore, the lack of reference to chapter 10-33A in SDCL 10-59-1 does not preclude an administrative appeal of TracFone's refund request as argued by the Department.

[¶19.] TracFone argues that while SDCL ch 10-33A is not specifically listed in SDCL 10-59-1 as one of the types of tax matters that may be heard as an administrative appeal by the OHE, the language in SDCL 10-33A-12 expressly authorizes it. SDCL 10-33A-12 provides: "Any appeal from a decision of the

secretary in a contested case shall be taken in accordance with chapter 1-26." In the instant case, TracFone sought a hearing in front of the OHE of the Department's denial of TracFone's tax refund application. The OHE's decision as to no jurisdiction was then reviewed by the Secretary and adopted in full. Therefore, the provisions of SDCL 10-33A-12 were triggered and the administrative appeals process should have been permitted.[7]

[¶20.] The Department argues that permitting this refund request for funds collected, distributed to counties, and likely spent in 2004 through 2007 would have a crippling effect on the public finances. The Legislature has recognized the potentially crippling effect untimely taxpayer refund requests could have on taxing districts. Miner v. Clifton, 30 SD 127, 137 NW 585, 586 (1912). As a result, the Legislature has in the past crafted narrow exceptions that permit a tax payer to obtain a refund in a manner that does not endanger the fiscal integrity of taxing districts. Security Natl' Bank v. Twinde, 52 SD 352, 217 NW 542, 543 (1928) (citing Rev. Code 1919, § 6813, which enumerated six narrow exceptions for which a tax

---

7.    The dissent states that "[t]he inescapable conclusion is that whether intentional or inadvertent, SDCL ch 10-59 and SDCL 10-33A-12 do not authorize an APA contested case proceeding to administratively challenge the Department's denial of a telecommunications tax refund claim." *See infra* ¶32. This is illogical given our rule of construction that "there is a presumption against construction of a statute which would render it ineffective or meaningless." *See* Appeal of Real Estate Tax Exemption for Black Hills Legal Services, Inc., 1997 SD 64, ¶12, 563 NW2d 429, 432. The dissent would for purposes of this appeal conclude that the Legislature enacted SDCL 10-33A-12, yet left TracFone's claim of a hearing and right to appeal as a nullity. As set forth in this opinion, correct statutory analysis shows that the Legislature, far from enacting nullities, granted the right to appeal per SDCL 10-33A-12 from a final adverse decision of the Secretary.

refund may be obtained versus the payment-under-protest method in which a suit must be filed); McArdle v. Robertson, 70 SD 545, 547, 19 NW2d 576, 576 (1945) (citing SDC 57.0901 (1939) permitting refund of voluntarily paid taxes when paid under protest and civil suit commenced within thirty days is utilized). No such narrow exception was included in SDCL ch 10-33A by the Legislature. This Court cannot on appeal narrow the manner in which telecommunications gross receipts tax refunds may be appealed in contravention of clear statutory language, even if a danger to public finance exists as a result. That is for the Legislature to do in the future if it sees the need.

[¶21.] Moreover, the Department's concern is premature. By recognizing TracFone's statutory right to appeal, not one cent is removed from the public treasury and refunded to TracFone. The merits of TracFone's refund claim still remain to be decided. That is beyond the scope of this appeal.

[¶22.] TracFone properly appealed the Department's denial of TracFone's request as an administrative appeal. The OHE reviewed the matter and eventually determined it did not have jurisdiction, as did the Secretary. However, the matter was subject to the administrative appeals process per the provisions of SDCL 10-33A-12.[8] Reversed and remanded for proceedings consistent with this opinion.

---

8. The dissent ominously acknowledges that should its analysis prevail, that no right to a hearing and subsequent appeal exists, SDCL 10-33A-4 may well be unconstitutional. *See generally* McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, 496 US 18, 39, 110 SCt 2238, 2251, 110 LE2d 17 (1990). The dissent concludes that "[i]f the Legislature has not authorized telecommunications taxpayers a remedy to contest this tax, TracFone's constitutional warning may be correct." This once again calls into question the analysis of the dissent. "[A]ny legislative act is accorded a presumption
(continued . . .)

[¶23.]     MEIERHENRY and SEVERSON, Justices, concur.

[¶24.]     KONENKAMP and ZINTER, Justices, dissent.


ZINTER, Justice (dissenting).

[¶25.]     The question presented in this case is narrow. We must determine whether the Legislature has authorized a formal contested case proceeding under SDCL ch 1-26, the Administrative Procedures Act (APA), to review claims for refunds of telecommunications tax. The majority adopts TracFone's argument that SDCL 10-33A-12 "expressly authorizes *administrative appeals* under SDCL ch 1-26[.]" *See supra,* ¶ 12 (emphasis added). This view of SDCL 10-33A-12, as a statute authorizing the imprecise term "administrative appeals,"[9] fails to give effect to the

---

(. . . continued)

> in favor of constitutionality and that presumption is not overcome until the act is clearly and unmistakably shown beyond a reasonable doubt to violate fundamental constitutional principles." Cheyenne River Sioux Tribe Telephone Authority v. Public Utilities Comm'n of SD, 1999 SD 60, ¶44, 595 NW2d 604, 613 (citing Americana Healthcare Ctr. v. Randall, 513 NW2d 566, 572 (SD 1994)). This presumption of validity also carries with it the fact that "'legislation . . . will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.'" *Id*. (quoting City of Cleburne, TX v. Cleburne Living Ctr, 473 US 432, 440, 105 SCt 3249, 3254, 87 LEd2d 313, 320 (1985)). Both taxation and the right to contest the same are obviously very fundamental state interests.

9.    The majority repeatedly refers to the APA remedy as an "administrative appeal." *See supra* ¶¶ 1, 6, 10, 12, 13, 15-19, and 22. Although judges and attorneys often use the term "administrative appeal" to generically describe the APA remedy, that term is not used in the APA. In fact, except for one errant use in a fuel penalty statute (SDCL 10-47B-185), the term "administrative appeal" is not found in the entire South Dakota Code. Instead, the APA uses the terms "contested case," "contested case proceeding," or "contested case hearing" to describe the APA remedy authorized to contest agency decisions. *See* SDCL §§ 1-26-1(2), 16-21, 24-27, 29.1, 30, 32, 32.2, 32.3, 32.4, and 33 (referring to "contested case" proceedings

(continued . . .)

important APA distinction between statutes *authorizing* "contested case proceedings" (also referred to as "contested case hearings") and statutes governing the *procedure* for taking appeals to circuit court from contested case proceedings. Because there is no statutory authorization for an APA contested case proceeding to litigate this refund claim, I dissent.[10]

---

(. . . continued)

    or hearings to describe the APA remedy).  The word "appeal" is only used in the APA to describe judicial review of an agency decision made following an authorized contested case proceeding.  *See* SDCL 1-26-30.2 ("An *appeal* shall be allowed in the circuit court to any party *in a contested case* from a final decision, ruling, or action of an agency.") (emphasis added).  *See also* SDCL §§ 1-26-17(8), 30, 30.1, 30.3, 30.4, 31, 31.1-31.4, 32.1, 32.2, 32.3, 32.4, 33, and 33.3 (governing appeals to circuit court from contested case proceedings).

    Because of this distinction, under the language used in SDCL ch 1-26, if the Legislature has authorized an APA remedy for a person dissatisfied with an agency decision, that person does not "appeal" or initiate an "administrative appeal" to contest the agency's decision.  The aggrieved person initiates a "contested case" proceeding/hearing before the agency.  And, if dissatisfied with the agency's decision *in the contested case proceeding*, the aggrieved person may then take an "appeal," which is a judicial remedy in circuit court.  *See id.*  Thus, not one of the majority's examples of statutes providing an APA remedy authorizes what the majority claims; i.e., an "administrative appeal." *See supra* ¶ 18.  On the contrary, each of the majority's examples authorizes the APA remedy by granting the right to a "contested case" hearing rather than an "administrative appeal."  *See* SDCL 12-27-29.2 (authorizing a "contested case" hearing under ch 1-26); SDCL 38-18-3 (authorizing a "contested case" hearing).

10.    TracFone warns that the Department's position, limiting available administrative remedies to recoup an overpaid tax, will likely create an unconstitutional tax refund scheme.  *See* McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't. of Bus. Reg. of Florida, 496 US 18, 39, 110 SCt 2238, 2251, 110 LEd2d 17 (1990) (concluding that where taxes are required to be timely paid, "the State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy' . . . for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one") (citations omitted).  If the Legislature has not authorized

(continued . . .)

[¶26.]     SDCL ch 10-59 governs the enforcement, collection, contest, and refund of taxes administered by the Department. SDCL 10-59-1 enumerates the twenty-five types of taxes that are governed by SDCL ch 10-59.[11] If the tax is one of those twenty-five, taxpayers claiming overpayment are specifically authorized to initiate an APA contested case proceeding to administratively litigate their refund claim. As contemplated by the APA (SDCL 1-26-1(2)), SDCL 10-59-22.1 specifically authorizes that administrative remedy by requiring a contested case hearing before the Secretary in accordance with SDCL ch 1-26. SDCL 10-59-22.1 provides in relevant part:

> Any taxpayer aggrieved by the denial . . . of a claim for recovery of an allegedly overpaid tax . . . may in writing request a

_____

(. . . continued)
    telecommunications' taxpayers a remedy to contest this tax, TracFone's constitutional warning may be correct. This is not, however, a civil action against the State asserting a *McKesson* claim. This is an appeal from a circuit court concluding that there is no APA remedy. Therefore, our scope of review is limited to that question, and TracFone's "potential constitutional problem" is not before this Court. As *McKesson* points out, the constitutional question is affected by a variety of issues not raised in this case.

11.   SDCL 10-59-1 provides:

> The provisions of [SDCL ch 10-59] apply to any taxes or fees or persons subject to taxes or fees imposed by, and to any civil or criminal investigation authorized by, chapters 10-39, 10-39A, 10-39B, 10-43, 10-45, 10-45D, 10-46, 10-46A, 10-46B, 10-46C, 10-46E, 10-47B, 10-52, 10-52A, 32-3, 32-3A, 32-5, 32-5B, 32-6B, 32-9, 32-10, and 34A-13 and §§ 22-25-48, 49-31-51, 50-4-13 to 50-4-17, inclusive, and the provisions of chapter 10-45B.

    The Legislature has amended this statute on two occasions after it enacted the telecommunications tax in 2003. The Legislature did not -- on either occasion -- include the telecommunications tax within this enumerated list of taxes covered by SDCL ch 10-59. *See* 2004 SD Sess. Laws ch 100, § 1; 2006 SD Sess. Laws ch 58, § 13.

> *contested case hearing* before the secretary. . . . Any *hearing*
> shall be conducted and any appeal shall be taken pursuant to
> the provisions of chapters 1-26 [the APA] and 1-26D [hearings
> before the Office of Hearing Examiners].

(Emphasis added.)

[¶27.]     This statute, however, only authorizes the APA administrative remedy if the taxpayer's overpayment claim relates to one of the twenty-five taxes enumerated in SDCL 10-59-1. And, as previously mentioned, the telecommunications tax imposed by SDCL ch 10-33A is not one of those taxes. Therefore, the Legislature's general administrative tax refund procedure does not authorize an APA contested case hearing to pursue recovery of overpaid telecommunications tax. The question then, is whether any other statute authorizes an APA contested case hearing before the Secretary.

[¶28.]     The Court concludes that the "administrative appeals process is permitted" and "triggered" by SDCL 10-33A-12. *Supra* ¶ 19. The Court reasons that an APA remedy is authorized because the taxpayer "sought" a hearing on the decision of the Department supervisor's denial of the refund application and the Department Secretary "adopted" the hearing examiner's conclusion that there was no jurisdiction for an APA remedy. *Id.* The Court's reasoning does not support its conclusion.

[¶29.]     Obviously, the necessary affirmative grant of legislative authorization for an APA remedy cannot be found from the mere fact that a taxpayer "sought" that remedy. Additionally, it is illogical to find a legislative grant of jurisdiction from the fact that the Secretary "adopted" the hearing examiner's conclusion that there was *no jurisdiction*. Finally, and most fundamentally, the Court errs in

affording legal significance to the fact that the jurisdictional issue was considered by a hearing examiner and the Secretary. Subject matter jurisdiction is "conferred solely by constitutional or statutory provisions and can neither be conferred . . . nor denied . . . by the acts of the parties or the procedures they employ." Barnes v. Matzner, 2003 SD 42, ¶ 10, 661 NW2d 372, 375. Therefore, neither TracFone's request for a contested case proceeding nor the Secretary's ruling on that request "triggered" subject matter jurisdiction for an APA remedy.

[¶30.] An APA remedy must rest on statutory authority. The Court relies on SDCL 10-33A-12 for that authorization. The Court views the statute as one triggering the "administrative appeals process." This view fails to acknowledge the important APA distinction between statutes authorizing contested case proceedings and statutes governing the method of taking appeals from those proceedings. *Compare* SDCL 1-26-1(2) *and* SDCL §§ 1-26-16 through 29 (governing authorization for and the method of conducting "contested case" proceedings) *with* SDCL §§ 1-26-30 through 37 (governing the method of taking "appeals" to circuit court from contested case proceedings). *See also supra* note 9; SDCL 10-59-22.1 (specifically acknowledging the distinction between "contested case hearings" and "appeals" from those hearings). The Court's failure to acknowledge this statutory distinction leads to its misapprehension of the purpose of SDCL 10-33A-12 and how it applies to the APA.

[¶31.] SDCL 10-33A-12 only provides that "[a]ny *appeal from* a decision of the secretary *in a contested case* shall be *taken* in accordance with chapter 1-26." (Emphasis added.) This language is procedural and merely regulates the manner of

taking appeals to circuit court from decisions that have been made in authorized contested case hearings. The statutory language does not purport to substantively authorize the predicate contested case hearing itself. The Court fails to explain how an appellate procedure statute, only governing the method of taking appeals to circuit court from decisions that have been made in contested case hearings, applies when there has been no authorized contested case hearing from which one could appeal.

[¶32.] Under the APA, there is no subject matter jurisdiction for an APA contested case proceeding unless it is provided in a statute authorizing a hearing before an administrative agency. SDCL 1-26-1(2) defines a contested case as "a proceeding, including rate-making and licensing, in which the legal rights, duties, or privileges of a party *are required by law* to be determined by an agency *after an opportunity for hearing. . . .*" (Emphasis added.) In this case, there is no dispute that this is not a rate-making or license proceeding. Moreover, unlike the general APA authorization for litigating other tax refunds in SDCL 10-59-22.1, there is no language in SDCL 10-33A-12 requiring the Department to determine TracFone's right to a refund after an opportunity for a hearing. *Compare* SDCL 10-59-22 (authorizing a contested case hearing before the Secretary under SDCL ch 1-26 for the twenty-five other taxes the Department administers) *with* SDCL 10-33A-12 (prescribing the procedure for taking appeals in circuit court). The inescapable conclusion is that whether intentional or inadvertent, SDCL ch 10-59 and SDCL 10-

33A-12 do not authorize an APA contested case proceeding to administratively challenge the Department's denial of a telecommunications tax refund claim.[12]

[¶33.]    Although TracFone and the Court employ a number of statutory construction aids to reach their result, those rules of construction do not apply. We have consistently noted the primary rule of statutory construction is that where "the language of the statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." Goetz v. State, 2001 SD 138, ¶ 16, 636 NW2d 675, 681 (quoting US West v. PUC, 505 NW2d 115, 123 (SD 1993)). SDCL ch 10-59 and SDCL 10-33A-12 are clear, certain, and unambiguous. Neither authorizes a SDCL ch 1-26 *hearing before the Secretary* to administratively litigate telecommunications tax refund claims. For this reason, the hearing examiner and the circuit court correctly concluded that there was no subject matter jurisdiction for an APA contested case proceeding to resolve this dispute.[13]

---

12.    The Court suggests that this conclusion renders SDCL 10-33A-12 a nullity. *See supra* note 7. On the contrary, SDCL 10-33A-11, the statute immediately preceding SDCL 10-33A-12, authorizes the Secretary to revoke telecommunications tax licenses. Because the revocation of a license is, by definition, a contested case proceeding entitling the licensee to a hearing under the APA, SDCL 10-33A-12 was enacted to prescribe the manner of *appealing* the decision made in that license revocation proceeding to circuit court.

13.    TracFone argues that the Department is equitably estopped from asserting that there is no subject matter jurisdiction for an APA administrative remedy. Although the Department supervisor initially informed TracFone that it could pursue an "administrative appeal," equitable estoppel may not be used to create jurisdiction where none exists. Parties "cannot by their agreement or consent give validity to an adjudication that is invalid because

(continued . . .)

[¶34.]     This Court should apply SDCL ch 10-59 and SDCL 10-33A-12 as written. The Legislature has not authorized an APA contested case proceeding as a remedy to resolve telecommunication tax refund claims.[14] By judicially granting subject matter jurisdiction for that remedy, the majority has usurped the Legislature's prerogative to determine when the APA may be utilized.

[¶35.]     KONENKAMP, Justice, joins this dissent.

---

(. . . continued)

it was without jurisdiction." Bernard v. Bernard, 74 SD 449, 453, 54 NW2d 351, 353 (1952).

14.   The Department argues that TracFone's administrative remedy is the payment-under-protest procedure found in SDCL 10-27-2. *See supra* note 4. TracFone argues that this remedy only applies to refunds of real property taxes collected by county treasurers. In light of the Court's disposition of this case, that issue is not addressed in this writing.