**Fred BOYLES, Petitioner and Appellant,**

v.

**SOUTH DAKOTA DIVISION OF CRIMINAL INVESTIGATION, OFFICE OF ATTORNEY GENERAL, Respondent and Appellee.**

**No. 16499.**

Supreme Court of South Dakota.

Considered on Briefs May 26, 1989.

Decided Aug. 23, 1989.

H.I. King of Tonner, Tobin & King, Aberdeen, for petitioner and appellant.

Robert C. Riter, Jr. of Riter, Mayer, Hofer and Riter, Pierre, for respondent and appellee; Roger Tellinghuisen, Atty. Gen., Pierre, on the brief.

PER CURIAM.

Fred Boyles appeals from an order of the circuit court which affirmed the decision of the Law Enforcement Civil Service Commission (commission) that it had no jurisdiction to hear Boyles' grievance. We affirm.

In October of 1984, then attorney general Mark Meierhenry appointed Boyles to serve as a special assistant attorney general on the state drug enforcement unit. The attorney general authorized Boyles "to represent said Unit in all matters of investigation, detection, prevention of crime, and apprehension of criminals, fugitives, or persons charged with violations of drugs and controlled substances laws *to serve at the will of the Attorney General.*" (emphasis added) Boyles was later reappointed, under the same terms, by attorney general Roger Tellinghuisen. Boyles is not an attorney.

**3.** Where was "due process", in the United States Constitution, born? From whence did it originally evolve?

As a drug agent, Boyles was supervised by the director of the Division of Criminal Investigation (DCI). However, Boyles never applied for a position as a DCI agent, nor did he take the law enforcement civil service examination. All of the cases which Boyles investigated were drug related.

In June of 1987, Boyles was convicted of driving under the influence of an alcoholic beverage. As a result, the director of the DCI informed Boyles of his "dismissal from the Division of Criminal Investigation." Shortly thereafter, attorney general Tellinghuisen sent a letter to the secretary of state revoking Boyles' appointment as a special assistant attorney general. Boyles filed a grievance with the commission alleging that he had been wrongfully terminated. Following a hearing, the commission ruled that it had no jurisdiction to hear the case because Boyles, as an employee of the attorney general, was exempt from the provisions of the law enforcement civil service act. The circuit court affirmed the decision of the commission. Throughout the proceedings, Boyles claimed that he was a DCI agent rather than a special assistant attorney general.

The sole issue on appeal to this court is whether Boyles was employed by the DCI, thereby entitling him to a hearing before the Law Enforcement Civil Service Commission. Boyles argues that a review of the record supports the position that he was an employee of the DCI, despite his appointment as a special assistant attorney general. We disagree.

In appeals from administrative agencies, when the issue is a question of law, the decisions of the agency and the circuit court are fully reviewable. When the issue is a question of fact, this court determines whether the agency's findings are clearly erroneous. *Permann v. Dept. of Labor,* 411 N.W.2d 113 (S.D.1987). The issue in the present case is primarily a question of fact: whether Boyles was employed by the DCI or the attorney general. If he was an employee of the attorney general, as found by the commission and affirmed by the circuit court, then Boyles is not entitled to a hearing before the commission.

SDCL 1–11–5 confers upon the attorney general the power to appoint special assistant attorneys general as he deems necessary; such assistants have the power and authority specifically delegated to them in writing by the attorney general. SDCL 1–32–8 states: "All assistant attorneys general shall be employees of the office of the attorney general." Employees of the attorney general are specifically exempt from the protections of the career service act and the law enforcement civil service act. SDCL 3–6A–13(1) and 3–7–5(1).

The DCI is under the superintendency and control of the attorney general. SDCL 23–3–6. However, DCI employees are under the protection of the law enforcement civil service act. SDCL 3–7–5.

Here, the overwhelming weight of the evidence supports the commission's finding that Boyles was employed by the attorney general rather than the DCI. Boyles was appointed, in writing, by successive attorneys general to serve on the state drug enforcement unit. These documents state that Boyles was employed "at the will of the Attorney General." Boyles never took the law enforcement civil service examination, which is required for all DCI agents, and he was never certified as a DCI agent. Boyles' salary was paid by the attorney general, not the DCI, and he admitted that he was never told by anyone that his position was covered by the law enforcement civil service act. It is true that the letter of termination sent to Boyles stated that he was dismissed "from the Division of Criminal Investigation." However, his formal termination was accomplished by a letter from the attorney general to the secretary of state revoking his appointment as a special assistant attorney general. If Boyles had actually been a DCI agent, there would have been no need for the attorney general to appoint him or revoke his appointment. Therefore, we conclude that the commission's findings are not clearly erroneous. Since Boyles was employed by the attorney general, he was exempt from the protections of the law enforcement civil service

act, and the commission had no jurisdiction to hear his grievance.

Finally, Boyles contends that he could not have been a special assistant attorney general since only licensed attorneys can serve in that capacity. We find this argument to be unpersuasive. SDCL 1–11–4 and 1–11–5, which provide for the appointment of assistant attorneys general, do not set forth any specific background necessary to be an assistant attorney general. Furthermore, while some duties of the attorney general and his assistants require a legal background (SDCL 1–11–1), we find no authority requiring all assistant attorneys general to be licensed attorneys.

Since Boyles' duties were limited to the enforcement of state drug laws, his appointment was within the statutory authority of the attorney general. *See* SDCL 1–11–1(11).

Affirmed.

MILLER, J., disqualified.