#28020-aff in pt & rev in pt-GAS
**2017 S.D. 44**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IN THE MATTER OF LAC MINERALS (USA), LLC'S
PETITION FOR RELEASE OF RECLAMATION LIABILITY,
UPDATED RECLAMATION FINANCIAL ASSURANCE,
POSTCLOSURE PLAN AND FINANCIAL ASSURANCE,
AND REQUEST TO RETAIN WATER MANAGEMENT FACILITIES
AND ACCESS ROADS

MINE PERMIT NOS. 445 AND 460.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA
\* \* \* \*

THE HONORABLE MICHELLE K. PALMER PERCY
Judge
\* \* \* \*

HARLAN A. SCHMIDT
Spearfish, South Dakota                          Attorney for appellants Harlan
                                                 A. Schmidt and Robert G.
                                                 Fowler.


MAX MAIN
KELLEN B. WILLERT of
Bennett Main, Gubbrud
 & Willert, PC
Belle Fourche, South Dakota                      Attorneys for appellee LAC
                                                 Minerals (USA), LLC.


MARTY J. JACKLEY
Attorney General

STEVEN R. BLAIR
Assistant Attorney General
Pierre, South Dakota                             Attorneys for appellee South
                                                 Dakota Department of
                                                 Environment and Natural
                                                 Resources.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 24, 2017
OPINION FILED 07/26/17

#28020

SEVERSON, Justice

[¶1.] Robert Fowler and Harlan Schmidt, intervenors in LAC Mineral USA, LLC's (LAC) petition regarding mine permit Nos. 445 and 460, appeal from the circuit court's affirmance of the Board of Minerals and Environment's determination that it had subject matter jurisdiction over the petition. They also appeal both the circuit court's determination that they waived due process issues and the court's denial of a motion to supplement the administrative record. We affirm in part and reverse in part.

## Background

[¶2.] This case concerns the Richmond Hill Mine near Lead, South Dakota. The mine was approved as a large-scale gold mine in 1988 under Mine Permit No. 445. All mining and exploration stopped by order of the South Dakota Department of Environment and Natural Resources (DENR) in 1993, after detection of acid rock drainage. LAC obtained a permit amendment with a revised reclamation plan in 1994 that addressed the drainage. In 2014, LAC submitted a petition to DENR for a release of reclamation obligations; a postclosure plan and financial assurance; an updated reclamation plan and financial assurance; a request for extension of reclamation period; and a request for road and building retention. It sought a hearing before the South Dakota Board of Minerals and Environment (Board).

[¶3.] Harlan Schmidt, personally and as attorney on behalf of Robert Fowler, petitioned to intervene. Fowler's interest in some of the mining property has been previously litigated in federal court. *See Fowler v. LAC Minerals (USA), LLC*, 694 F.3d 930, 935 (8th Cir. 2012) ("Fowler retains an ongoing reversionary

-1-

interest in the property."). There has been no showing of what interest, if any, that Schmidt has in the matter. However, his interest has not been challenged. The petition to intervene raised three issues, but one of those issues was voluntarily dismissed prior to the hearing before the Board. The two remaining issues were "whether the Department [had] jurisdiction to conduct [the] hearing" and "whether LAC's 'Request' without payment of an 'application fee' is actually a proposed amendment under SDCL 45-6B-18 because it makes 'minor modifications of the terms and conditions of the *reclamation* plans'?". (Emphasis added.) According to Schmidt and Fowler, the Board did not have jurisdiction over the matter because LAC failed to consult with Fowler, which he contends is required by various statutes in SDCL chapter 45-6B and is a prerequisite to the Board obtaining jurisdiction. Schmidt and Fowler also asserted that the changes to the reclamation plan amounted to an amendment of the mining petition, which required a fee pursuant to SDCL 45-6B-18. According to Schmidt and Fowler, the failure of LAC to submit the fee likewise divested the Board of jurisdiction.

[¶4.] Pursuant to administrative rule, a member of the board was appointed to act as chair of the hearing. *See* ARSD 74:09:01:08. On October 5, 2015, after the parties submitted briefs on the issues raised in the petition to intervene, the hearing chair issued a memorandum decision determining that the Board had jurisdiction over LAC's petition. The hearing chair noted that there was no evidence that LAC consulted with Fowler, but it concluded that Fowler was not a "landowner" who needed to be consulted under SDCL 45-6B-44. The hearing chair determined that it did not have sufficient information to decide whether LAC's

petition, *with regard to reclamation*, amounted to an amendment. However, the hearing chair opined that one method for resolution would be for LAC to dismiss its current request and resubmit it along with a filing fee, thereby treating it as an amendment. Thereafter, prior to the full Board hearing, LAC withdrew its updated reclamation plan and its request to extend reclamation period. Schmidt and Fowler submitted proposed findings of fact and conclusions of law to the hearing chair. They also submitted a letter to the Board raising some concerns about leach pads and stating that they were "obliged to appeal" the ruling that Fowler was not a "landowner."

[¶5.] The Board held a hearing on LAC's requests on October 15, 2015. Those requests included being released from reclamation liability for portions of the land; approval of new reclamation financial assurance; approval to keep certain roads, buildings, and structures for water management activities; approval of postclosure financial assurance; and release of current reclamation financial assurance. Neither Schmidt nor Fowler attended the Board hearing. The Board subsequently incorporated the hearing chair's memorandum decision into its findings of fact and conclusions of law and adopted it as the final decision of the Board. The Board determined that because "LAC withdrew the updated reclamation plan and the . . . request to extend reclamation period, the Hearing Chair and the Board need not reach the issue of whether or not said documents were a permit amendment application." Furthermore, it found that because the reclamation plan and request for extension had been withdrawn, those "materials were therefore not considered by the Hearing Chair or by the Board." Nevertheless,

#28020

it went on to determine that "Fowler and Schmidt are not 'landowners' as that term is used in SDCL 45-6B-44."[1] The Board rejected all of Schmidt and Fowler's proposed findings of fact and conclusions of law.

[¶6.]		Schmidt and Fowler appealed the Board's decision to the circuit court. They presented four issues in their statement of issues. Those issues were as follows:

> 1. Whether the Board had jurisdiction to act where LAC did not provide notice to Fowler [who is] entitled to notice by SDCL 45-6B-17 . . . ?
>
> 2. Whether the Board erred in determining that Fowler was not a 'landowner' entitled to notice, consultations, and approvals under South Dakota mining statutes and regulations thereby denying Fowler the rights and privileges of South Dakota law . . . ?
>
> 3. If [the c]ourt affirms that Fowler is not a landowner entitled to such notice, consultations, and approvals under the provisions of SDCL 45-6B-44, SDCL 45-6B-45[,] ARSD 74:29:06:01 and ARSD 74:29:06:05, then do those statutes and regulations, or the failure to provide statutory notice, deny Fowler due process of law?
>
> 4. Whether the Board had jurisdiction to act where LAC did not submit the amendment fee required by SDCL 45-6B-14?

The circuit court determined that Fowler and Schmidt waived issue three by failing to appear at the Board hearing. However, it addressed the three other issues. The court determined that the Board had subject matter jurisdiction. But the court also

---

1. The Board also released portions of land from reclamation liability; determined that some areas did not meet criteria for release; approved new reclamation financial assurance; granted approval to keep roads, buildings, and structures for water management activities; approved postclosure financial assurance; and released current reclamation financial assurance. These determinations are not related to this appeal.

-4-

determined a legal issue that the Board never reached, which Schmidt and Fowler had cast as a jurisdictional issue—that the submission of a *postclosure* plan under SDCL 45-6B-91 is not a permit amendment because there was a reservation of the right to make modifications in the 1994 permit amendment.[2] The court also held that Fowler and Schmidt were not "landowners" under SDCL chapter 45-6B. On appeal to this Court, Schmidt and Fowler largely attempt to raise the same issues as they did before the circuit court. They state those issues as follows:

1. Whether Fowler is either a landowner entitled to certain consultations rights under SDCL 45-6B-44 or an owner entitled to notice under SDCL 45-6B-17?

2. If Fowler is entitled to consultation and notice, then did the failure to comply with SDCL 45-6B-17 and 44 by conferring and giving notice deprive the DENR of subject matter jurisdiction to issue and amend mining permits?

3. If the said statutes do not require consultation and notice, then was Fowler denied due process of law?

4. Was the application [relating to postclosure issues] a proceeding for an amendment which required an amendment fee?

5. Did the circuit court err by denying the motion to add documents to the record?

### Standard of Review

[¶7.] We review the "agency record in the same light as does the trial court to determine whether or not the agency's decision was clearly erroneous. Further, in reviewing an administrative agency record, this [C]ourt is not bound by any presumption that the decision of the circuit court was correct." *In re Koch Expl.*

---

2. Prior to the circuit court proceedings, Schmidt and Fowler had only challenged reclamation issues as an amendment; they never asserted that the postclosure plan was an amendment.

*Co.*, 387 N.W.2d 530, 536 (S.D. 1986); *see also* South Dakota Administrative Procedure Act, SDCL chapter 1-26. "[Q]uestions of law are reviewed de novo." *Wendell v. S.D. Dep't. of Transp.*, 1998 S.D. 130, ¶ 5, 587 N.W.2d 595, 597.

Analysis

### 1. *Whether the Board had subject matter jurisdiction over LAC's petition*

[¶8.] Often, various proceedings prior to an appeal to this Court narrow and clarify the issues to be addressed. Here, after proceedings in front of the Hearing Chair, the full DENR Board, and the circuit court, the issues as presented to this Court are like two ships passing through the fog at night. Thus, we reorder the issues presented and first address whether the Board had subject matter jurisdiction over this matter. "Subject matter jurisdiction is conferred solely by constitutional or statutory provisions." *Koch*, 387 N.W.2d at 536. "Furthermore, subject matter jurisdiction can neither be conferred on a court, nor denied to a court by the acts of the parties or the procedures they employ." *Id.* SDCL 45-6B-73 confers subject matter jurisdiction to the Board. It provides in part: "The Board of Minerals and Environment shall carry out and administer the provisions of this chapter [45-6B Mined Land Reclamation]. The board has jurisdiction and authority over all persons and property, public and private, necessary to enforce the provisions of this chapter." SDCL 45-6B-73. SDCL 45-6B-81 further provides in relevant part that "[t]he board may promulgate rules, pursuant to chapter 1-26, consistent with the provisions of this chapter, to provide for: (1) The procedure for filing and departmental review of mining permit applications; (2) The procedure for amending mining permits[.]"

[¶9.]        SDCL 45-6B-5 sets forth mining application requirements and provides that "[a]ny person desiring to engage in a mining operation shall make written application to the Board of Minerals and Environment for a permit for each mining operation on forms furnished by the board."  Fowler and Schmidt contend that LAC failed to consult with Fowler pursuant to SDCL 45-6B-44, SDCL 45-6B-45, ARSD 74:29:06:01, and ARSD 74:29:06:05.  In general, those provisions provide that a proposed reclamation plan, substantial amendment to an existing reclamation, and choice of reclamation must be developed and agreed to by the operator, the department, and the landowner.  Schmidt and Fowler also contend that LAC did not submit an amendment fee required by SDCL 45-6B-14 and SDCL 45-6B-18.  SDCL 45-6B-18 provides in part that "[a]n application to amend a large scale permit shall include the application fee provided by § 45-6B-14."  SDCL 45-6B-14 sets the amount of the fee at $5,000 "for an amendment to an existing large scale precious metal . . . mine permit[.]"  And they assert that there was no notice of the application as required by SDCL 45-6B-17, which notice "become[s] part of the application."

[¶10.]        All the provisions that Schmidt and Fowler contend have not been met in this case are statutory requirements that a mining application or amendment must meet.  Those statutes are not jurisdictional.  The Board is tasked with determining whether an application "complies with the requirements of this [mining] chapter and all applicable local, state, and federal laws."  SDCL 45-6B-32.  If the application does, then the Board "shall grant a permit to an operator[.]"  *Id.*  "The board may not deny a permit, except for one or more" reasons listed in SDCL

45-6B-32. For example, an application may be denied if "(1) The application is incomplete or the surety has not been posted; [or] (2) The applicant has not paid the required fee[.]" *Id.* The Board must determine whether an application meets all the requirements. Accordingly, the Board had subject matter jurisdiction over the matter, regardless of whether LAC's petition met the statutory requirements. *See* SDCL 45-6B-73.

[¶11.] Lastly, by casting all the requirements above as jurisdictional matters, Schmidt and Fowler attempt to have this Court review the prior permit and permit amendment, which were issued decades ago. They claim that Fowler has never been consulted on reclamation plans or amendments and that such a failure constitutes a jurisdictional defect that can be addressed at any time. As we have explained, those statutes and rules are not jurisdictional requirements for the Board to consider an application, and therefore we do not address those prior proceedings.

### 2. *Issues that have been rendered moot or that are not properly before this Court.*

[¶12.] Next, we address the issues that are not properly before this Court. The first, third, and fourth issues raised by Schmidt and Fowler are not properly before this Court for consideration. Issue one—whether Fowler is a "landowner" under SDCL 45-6B-44, SDCL 45-6B-45, ARSD 74:29:06:01, or ARSD 74:29:06:05— concerns reclamation statutes and administrative rules that are inapplicable to this case. In general, those provisions provide that a reclamation plan, a substantial amendment to an existing reclamation plan, and a choice of reclamation must be

developed and agreed to by the operator, the department, and the landowner.[3] LAC

withdrew the reclamation issues governed by those statutes and regulations prior to

the Board hearing.  It is unclear why the Board addressed Fowler's ownership

status under inapplicable statutes and rules.  The issue only arose because Fowler

contended that it affected the jurisdiction of the Board.  As we have explained, those

provisions are not jurisdictional.  *Supra* ¶ 9.  Accordingly, it was improper for the

Board to address an issue that was not before it, and thus we reverse the Board's

and circuit court's determinations that Fowler is not a landowner pursuant to SDCL

---

3.      SDCL 45-6B-44 provides in relevant part:

> A proposed reclamation plan filed pursuant to § 45-6B-5 or any substantial amendment to an existing reclamation shall be developed by the operator, the department, and the landowner.

SDCL 45-6B-45 provides in part:

> Depending on the reclamation plan approved by the board, the operator shall meet the following requirements: . . . (4) If the choice of reclamation is for the development of the affected land for homesite, recreational, industrial, or other uses, including food, shelter, and ground cover for wildlife, the requirements necessary for such reclamation shall be agreed upon by the operator, landowner, and the board.

ARSD 74:29:06:01 provides:

> Before a mining operation permit application or a permit amendment application for an existing reclamation plan is submitted, the operator, the department, and the landowner or the landowner's designated representative must confer on and determine the postmining land use of the affected lands.

ARSD 74:29:06:05 provides:

> Future mineral exploration and development as a reclamation type is subject to approval by the board, the operator, the landowner, and the local board of county commissioners pursuant to SDCL 45-6B-44.  Landowner, county commission, and operator approval of this reclamation type must obtained [sic] before submission of a mining operation permit application or a permit amendment application.

45-6B-44. Furthermore, having held that consultation with the landowner under SDCL 45-6B-44 is not required to confer subject matter jurisdiction on the Board, we do not determine the meaning of *landowner* under those provisions or the record before us, which was not fully developed.

[¶13.] Additionally, issue three—whether South Dakota mining statutes deny Fowler due process—is one which Fowler and Schmidt have waived; it was not presented at any time prior to or during the Board hearing. *See In re State of S.D. Water Mgmt. Bd. Approving Water Permit No. 1791-2*, 351 N.W.2d 119, 122 (S.D. 1984). Furthermore, as discussed above, it addresses statutes that do not apply in this case.

[¶14.] Finally, issue four—whether LAC's petition on postclosure matters constituted an amendment requiring a fee—was addressed by the circuit court. But it was not preserved by Schmidt and Fowler prior to the circuit court appeal and is not properly before this Court. The Board did not address this amendment issue because Schmidt and Fowler had only challenged reclamation changes as constituting an amendment. LAC withdrew those requested changes. Thereafter, neither Fowler nor Schmidt asserted before the Board that the remaining postclosure requests amounted to an amendment. They presented it to the circuit court for the first time on appeal. Therefore, we do not address it.

### 3. *Whether the circuit court erred by denying appellants' request to supplement the administrative record.*

[¶15.] Schmidt and Fowler sought the addition of several documents to the administrative record. They asked that the circuit court add the "federal district court judgment of August 10, 2011; (2) the Fowler Notice to DENR of the Federal

District Court Judgment; (3) the Cepak deposition; (4) the RJVA 6.4 paragraph entitled Access and Information; and (5) the 1999 Fowler deed."[4] Schmidt and Fowler attached those items to their brief in the circuit court. LAC and DENR jointly moved to strike four of the five documents; they did not move to strike the district court judgment because it was part of the administrative record. The court granted the motion to strike (striking all five documents) and denied a subsequent oral motion by Schmidt and Fowler to add them to the record.

[¶16.]       On appeal, Schmidt and Fowler assert that three of those documents should have been added to the record: the district court judgment, the notice to DENR and the Cepak deposition. According to Schmidt and Fowler, the deposition testimony addresses the periods of mining. And according to them, "the Judgment and notice to the agency should have been in the Record in the first place . . . [and] are eligible for judicial notice." LAC and DENR acknowledge that the federal district court judgment was properly in the administrative record and therefore the court erred when it struck it. However, LAC and DENR also assert that it was a harmless error.

[¶17.]       Schmidt and Fowler assert that SDCL 1-26-33 applies to this situation. It provides in relevant part:

> Within thirty days after the service of the notice of appeal, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation

---

4.    The Cepak deposition is the deposition of Mike Cepak, an engineer for the Minerals and Mining Program of the Board. RJVA stands for the 1988 Restated Joint Venture Agreement.

> of all parties to the review proceedings, the record may be
> shortened. A party unreasonably refusing to stipulate to limit
> the record may be taxed by the court for the additional costs.
> The court may require or permit subsequent corrections or
> additions to the record.

SDCL 1-26-33. There is no stipulated, shortened record in this case. That portion

of SDCL 1-26-33 allowing the court to permit additions to the record is inapplicable.

[¶18.] LAC and DENR note that the applicable statute for additional

evidence is SDCL 1-26-34, which states:

> If, before the date set for hearing, application is made to the
> court for leave to present additional evidence, *and it is shown* to
> the satisfaction of the court that the additional evidence is
> material and *that there were good reasons for failure to present
> it* in the proceeding before the agency, the court *may* order that
> the additional evidence be taken before the agency upon
> conditions determined by the court. The agency may modify its
> findings and decision by reason of the additional evidence and
> shall file that evidence and any modifications, new findings, or
> decisions with the reviewing court.

(Emphasis added.) We agree. Under SDCL 1-26-34 the court has discretion to

allow additional evidence be taken, therefore we review the court's determination

for an abuse of discretion. None of the documents were relevant to determining the

issues properly before the circuit court. And the court could not independently add

the evidence to the record, it would need to order that the additional evidence be

taken before the agency—a request that Fowler and Schmidt did not make.

Furthermore, Fowler and Schmidt have not demonstrated what "good reasons" they

had for not presenting the documents to the Board. Thus, we cannot say that the

court abused its discretion by denying the motion to add evidence.

## Conclusion

[¶19.] Mining application requirements and mining permit amendment application requirements are not requirements that need to be met for the Board of Minerals and Environment to obtain subject matter jurisdiction over a mining permit or permit amendment application. Schmidt and Fowler waived the issue whether SDCL 45-6B-44 and SDCL 45-6B-45 deny Fowler due process. Furthermore, the circuit court did not abuse its discretion by denying Schmidt and Fowler's request to add evidence to the administrative record. Therefore, we affirm that portion of the circuit court's judgment that determined that the Board had jurisdiction over the matter and the portion determining that Fowler and Schmidt waived due process arguments. We also affirm its order denying the motion to add documents to the record. However, we reverse the circuit court's and Board's determination that Fowler is not a landowner as that issue was not properly before the circuit court or the Board. Because Schmidt and Fowler did not present the issue whether postclosure changes amounted to an amendment requiring an amendment fee before the Board, we do not address it and we reverse the circuit court's order with respect to that issue.

[¶20.] GILBERTSON, Chief Justice, and ZINTER and KERN, Justices, and WILBUR, Retired Justice, concur.